**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-10570**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RICARDO E. RESENDEZ,**

**Defendant-Appellant.**


_____

Appeal from the United States District Court
for the Northern District of Texas

(4:95-CR-145-A)
_____

March 17, 1997


Before GARWOOD, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]


The issue before this Court is whether the district court abused its discretion when it denied Defendant/Appellant Ricardo Enrique Resendez' motion to withdraw his guilty plea. For the following reasons, we hold that no error was committed.

In February 1994, a Fort Worth, Texas narcotics officer was

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

contacted by a confidential informant who reported having observed suspicious activity at and near a business warehouse. Specifically, the informant reported that: a truck at the warehouse contained numerous large trash bags which were partially covered by a tarp; the bags contained large, block-shaped items; and a strong odor of marijuana emanated from the vehicle.

On March 17, 1994, the same officer was contacted by the confidential informant who reported numerous vehicles entering and exiting the warehouse. The officer traveled to the warehouse where he observed Appellant Resendez and Rogelio Rodriguez Garza exiting the warehouse. Resendez and Garza entered a truck displaying Mexico license plates and drove away from the warehouse. The officer followed.

The truck, driven by Garza, increased its speed and began driving in an erratic manner. Eventually, the truck stopped in a parking lot and the passenger attempted to flee. After identifying himself, the officer detained the two men. Neither man could produce a legitimate Texas or United States identification.[1] The two men did produce several documents including a "Notice of Seizure" of $195,335.00 from Marion, Arkansas, and paperwork from the Roma, Texas, police department indicating that a vehicle and other items had been seized during a marijuana investigation in

---

[1] A subsequent search of Resendez' wallet revealed a temporary Texas driving permit bearing Resendez' full name, birth date, and address in Forth Worth.

2

Roma.

During a valid interrogation, Garza informed the officer that the warehouse contained a large quantity of marijuana. A search warrant was issued for the warehouse and approximately 450 pounds of marijuana were seized.

Resendez informed the officer that he also had money and marijuana at his residence. Upon a search of Resendez' house, police found approximately 530 pounds of marijuana, $359,688 in cash. Various firearms were also discovered.

Pursuant to a plea agreement entered on January 12, 1996, Resendez pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana. When Resendez entered his guilty plea, he was represented by retained counsel, Randy S. Myers. On January 30, 1996, the district court allowed Resendez to replace Myers with attorney Jeffrey Allen Denner.

On May 1, 1996, Resendez, through Denner, moved to withdraw his guilty plea. Resendez contended that when Myers advised him to plead guilty, Myers was acting under undisclosed conflicts of interest which tainted his advice to Resendez. Specifically, Resendez argued that Myers failed to inform Resendez that: (1) Myers had been served with a grand jury subpoena to produce records of fee payments made by, or on behalf of, Resendez; (2) Myers was allegedly representing individuals who could have testified against Resendez, and against whom Resendez could have testified; and (3)

3

Myers was acting under a conflict of interest, as allegedly evinced by Myers' failure to file various motions.

The district court conducted a hearing as to Resendez' motion to withdraw. After considering the affidavits of Myers and Resendez, as well as the testimony of various witnesses, the district court held that no actual conflict of interest had been demonstrated, and denied Resendez' motion to withdraw. Claiming that the district court abused its discretion, Resendez now appeals.

"A motion to withdraw a guilty plea is committed to the discretion of the district court and its decision will not be disturbed absent an abuse of discretion." *United States v. Still*, 102 F.3d 118, 123 (5th Cir. 1996); *United States v. Benavides*, 793 F.2d 612, 616 (5th Cir. 1986). "Upon a showing of a fair and just reason, a district court may permit a defendant to withdraw a guilty plea at any time before sentencing." *Id.* at 123-24 (internal citations omitted); FED. R. CRIM. P. 32(e).[2] "Though Rule 32 is to be construed and applied liberally, there is no absolute right to withdraw a guilty plea." *Id.*

In ruling upon a motion to withdraw a guilty plea, the

---

[2] Rule 32(e) provides, in relevant part: "If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." FED. R. CRIM. P. 32(e).

4

district court should consider: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing the motion, and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-344 (5th Cir. 1984); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988); *Still*, 102 F.3d at 124. "However, no single factor or combination of factors mandates a particular result." *Id.* at 124; *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). "Instead, the district court should make its determination based on the totality of the circumstances." *Id.* "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." *Id.*

In light of the evidence, we have carefully reviewed the parties' briefs, the record, including the district court's order, and the relevant case law. We are satisfied that the district court did not err in finding that no actual conflict of interest had been demonstrated. Accordingly, the judgment of the district court is, in all things,

**AFFIRMED.**

5