IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20574

Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

FRANCISCO GILBERTO DELGADO, also known as Frank Delgado,
also known as El Maestro

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-58-2

_____

March 24, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Delgado appeals the conviction and sentence that followed his guilty plea to possession of marijuana with intent to distribute and conspiracy.

Delgado argues the district court based his sentencing level in part on unreliable information contained in his presentence report, which led the court to hold him responsible for 24,856 pounds of marijuana.

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

We review for clear error the district court's factual findings as to the quantity of drugs for which the defendant may be held responsible. *See United States v. Narvis-Guerra*, 148 F.3d 530, 537 (5th Cir. 1998). A court may rely on information contained in a presentence report even though it is not admissible evidence, but it must have "sufficient indicia of reliability to support its probable accuracy." Federal Sentencing Guidelines Manual, § 6A1.3(a) (1998). Although a presentence report generally bears sufficient indicia of reliability, a sentencing court may not rely on non-specific, unsubstantiated and uncorroborated information in a presentence report. *See United States v. Narvis-Guerra*, 148 F.3d at 537. Although Delgado asserts the information on which the court relied was unreliable, it was highly detailed and well-corroborated by the evidence seized by the government and the statements given by co-conspirators. The information to which Delgado objects points to his involvement in the conspiracy to an extent that the court could hold him responsible for the specified amount of marijuana. The district court carefully considered the reliability of the information in the presentence report, and the information was sufficiently reliable.

Delgado argues that the district court erroneously used an FBI form 320 report contained in the presentence report to determine that Delgado played a managerial role in the conspiracy. The district court increased Delgado's sentencing level by 3 levels pursuant to U.S.S.G. § 3B1.1(b) because it determined that Delgado

2

played a managerial role in a criminal activity that involved 5 or more participants. We review the district court's factual findings for clear error. *See United States v. Reveles*, 190 F.3d 678, 685 (5th Cir. 1999). The well-corroborated and detailed facts show that Delgado played a role in organizing the transportation of marijuana for the enterprise. The district court's conclusion that he played a managerial role in the offense was amply supported.

Delgado asserts that he was deprived of effective assistance of counsel. He argues that his attorney had a conflict of interest because Delgado claimed in his pro se objections to the presentence report, submitted after his guilty plea, that the attorney rendered ineffective assistance of counsel and that, as a result of this conflict, Delgado did not have effective assistance of counsel at his sentencing hearing. Delgado also argues that the failure to file objections to the presentence report and his guilty plea itself were due to ineffective assistance of counsel. The district court specifically found during the sentencing hearing that Delgado received effective assistance of counsel. However, Delgado's ineffective assistance claim is not ripe for appellate review. The record is not sufficiently developed to review the claim. We do not review such claims when the record is insufficiently developed. *See, e.g., United States v. Sidhu*, 130 F.3d 644, 650 (5th Cir. 1997). This claim should be considered in the appropriate proceeding under 28 U.S.C. § 2255.

Delgado argues that the district court improperly participated in plea negotiations. The district court told Delgado and others

3

that they would not receive a reduction for acceptance of responsibility if they waited until just before trial to plead guilty. Trial was set for November 12, 1997, and the district court stated that guilty pleas made after 2:00 p.m. on November 10, 1997 would not support a reduction for acceptance of responsibility, noting that it would be inappropriate to do so when the government would have to prepare fully for trial. The court thereby informed Delgado of the law under U.S.S.G. § 3E1.1(b)(2), which requires "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." By doing so, the court did not participate in any plea negotiations.

Delgado argues that the district court abused its discretion in refusing to grant his motion to withdraw his guilty plea. We review the district court's denial of a timely motion to withdraw a guilty plea for abuse of discretion. *See United States v. Benavides*, 793 F.2d 612, 616 (5th Cir. 1986). Delgado argues that the district court abused its discretion in denying his motion to withdraw his guilty plea because his counsel was ineffective. He claims that his counsel was ineffective because he asserted ineffective assistance of counsel in his pro se objections to the presentence report, and his attorney was rendered ineffective due to the resulting conflict of interest. At his sentencing hearing, Delgado claimed that he decided to plead guilty without having been well informed of the "facts" by his attorney. On appeal, he argues

4

further that he was effectively without counsel at his sentencing hearing because of the alleged conflict.

The record does not support Delgado's assertion that he pleaded guilty because he was ill-informed, or that he was not informed of the "facts" surrounding his case. Delgado's suggestion that his guilty plea was not informed or voluntary is utterly without support in the record. "The defendant has the burden of establishing a reason for the withdrawal of the plea that is 'fair and just.'" *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). Delgado can provide no fair or just reason why his guilty plea should be withdrawn. The district court properly exercised its discretion in denying Delgado's motion to withdraw his plea.

AFFIRMED; MOTION for leave to file reply brief MOOT.

5