IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-50852
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GILDARDO ROSALES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1182-3

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gildardo Rosales, pursuant to a written agreement, pleaded guilty to conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana and five kilograms or more of cocaine. The district court sentenced Rosales to 262 months in prison to be followed by five years of supervised release. Rosales appeals his conviction, asserting that the trial court erred in denying his motion to withdraw his guilty plea.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Rosales's appellate counsel informed this court of a potential conflict in representation under Rule 1.06(b)(2) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT. However, continued representation is appropriate because Rosales has been adequately informed of the potential conflict and has waived his right to conflict free counsel. See TEX. ST. RPC RULE 106(c).

This court reviews the denial of a motion to withdraw for abuse of discretion. United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden to establish the "fair and just reason" for withdrawal. Id. at 370. In determining whether the defendant has met this standard, this court reviews seven factors: (1) whether the defendant has asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the withdrawal motion, (4) whether withdrawal would inconvenience the court, (5) whether close assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984)). If applicable, the court should also take into account the reasons why a defendant delayed in making his withdrawal motion. Id. at 344. In applying these factors, courts are to consider the totality of the circumstances. Id.

The district court found that the Government would not suffer prejudice and that the withdrawal of the guilty plea would neither substantially inconvenience the court nor waste judicial resources, thus, weighing in favor of Rosales. However, Rosales has not shown that the district court abused its discretion in finding that the other four Carr factors did not weigh in his favor.

First, Rosales did not assert his innocence, but merely objected to the quantity of drugs attributed to him for sentencing purposes. See United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991). Secondly, although Rosales demonstrated that counsel's opinion as to his potential sentence proved to be incorrect, he has not shown that he was deprived of counsel's close assistance.

2

See United States v. Clark, 931 F.2d 292, 295 (5th Cir. 1991). In addition, because Rosales was aware of his minimum and maximum potential sentences and understood the elements of the offense as charged, he also has not established that his guilty plea was not knowing or voluntary. See United States v. Brown, 328 F.3d 787, 789 (5th Cir. 2003); United States v. Young, 981 F.2d 180, 184 (5th Cir. 1992). Rosales also has not provided adequate reasons for the delay in filing his motion. See United States v. Benavides, 793 F.2d 612, 617-18 (5th Cir. 1986).

Accordingly, Rosales has not demonstrated a fair and just reason for the withdrawal of his guilty plea and the judgment of the district court is AFFIRMED.