IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-31099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VIRGIL ARD, JR,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-8-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Virgil Ard, Jr. was charged with one count of conspiring to possess 50 grams or more of crack cocaine with intent to distribute, one count of possessing with intent to distribute 50 grams or more of crack cocaine, and one count of brandishing a firearm in furtherance of a drug trafficking offense. Ard pleaded guilty to the first and third counts, but later changed his mind and sought to withdraw his plea. He appeals the district court's order denying his request. We affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

The clerk originally scheduled Ard's rearraignment for May 2, 2007; however, he requested additional time to understand the consequences of his guilty plea. On May 16, 2007, he pleaded guilty pursuant to an amended written plea agreement to the conspiracy and firearm charges. In the plea agreement, Ard waived his right to appeal his conviction and sentence, reserving his right to appeal only a punishment exceeding the statutory maximum and a claim of ineffective assistance of counsel that affected the validity of the plea or the waiver itself.

Ard wrote to the court in a pro se letter dated June 4, 2007, expressing a desire to withdraw his guilty plea. He reported that he had not pleaded guilty on May 2 because his plea agreement was altered and that his attorney, Harry Boyer, did not discuss the plea with him until the morning of his rearraignment on May 16. Ard stated that Boyer told him the "reality" was that Ard's wife would be arrested and Ard would lose at trial and "receive about 40 years in prison" if he did not plead guilty. Evidently, he had planned to tell the probation officer preparing his presentence report about this and other concerns, but he had not yet been interviewed. Ard further requested appointment of new counsel, and provided a copy of the original plea offer made on April 30, 2007, which indicated that the firearm count carried a mandatory minimum sentence of five years; however, the amended plea agreement correctly reflected a minimum sentence of seven years for brandishing a firearm. See 18 U.S.C. § 924(c)(1)(A)(ii).

Following a hearing, the magistrate judge appointed new counsel to represent Ard and granted Boyer's motion to withdraw. On September 13, 2007, Ard formally moved to withdraw his guilty plea. In an affidavit, Ard asserted for the first time that the arresting agent had told him that his wife would be arrested and his children would be taken into state custody if he did not admit

to possessing the drugs. The government filed a response, arguing that Ard was not entitled to withdraw his plea.

The district court denied Ard's motion without holding an evidentiary hearing, and sentenced him to consecutive sentences of 120 months and eighty-four months in prison, to be followed by a five-year term of supervised release. Ard filed a timely notice of appeal.

## II.

Federal Rule of Criminal Procedure 11(d)(2) allows a defendant to withdraw an accepted plea in limited circumstances, namely, when he can show a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). "A defendant does not have an absolute right to withdraw [his] guilty plea. However, a district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a 'fair and just reason.'" United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003) (citations omitted). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996) (citations omitted).

"A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." Powell, 354 F.3d at 370 (citations omitted). A district court abuses its discretion when it "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." McClure v. Ashcroft, 335 F.3d 404, 408 (5th Cir. 2003) (citation omitted). When analyzing a defendant's request to withdraw his guilty plea, the district court should consider whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant has delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343–44 (5th Cir. 1984).

The district court need not make findings as to each factor, but makes its decision based on the totality of circumstances. Powell, 354 F.3d at 370.

A defendant is not entitled to a hearing on his motion to withdraw, but "a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." Id. (internal quotation marks and citation omitted). This court reviews the district court's decision not to hold an evidentiary hearing for abuse of discretion. Id.

Regarding the first Carr factor, Ard has not asserted that he is innocent of the drug and firearm offenses. Ard argues without authority that he "retains the presumption of innocence because his plea was not knowing and voluntary." Carr does not list as a factor whether a defendant is presumed to be innocent; the case considers whether the defendant asserted that he was in fact innocent. See 740 F.2d at 343–44; see also United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001) (noting that the defendant had not alleged innocence even though he had argued that his plea was the result of coercion). The district court did not abuse its discretion in deciding that this factor does not weigh in Ard's favor.

Next, with regard to the third Carr factor, Ard asserts that he did not delay in asking to withdraw his plea based upon his letter to the court dated nineteen days after his rearraignment. The district court gave Ard the benefit of this date but concluded that he waited too long. Ard supposedly had planned to advise the court earlier of his intention to withdraw his plea by informing the probation officer who would prepare his presentence report, but he finally wrote the court when he did not see a probation officer within those first weeks after rearraignment. He argues that because he was in prison, he was dependent upon others to represent him before the district court. This assertion is undermined by Ard's ability to write a letter to the district court. The district court did not abuse its discretion in deciding that the delay weighed against withdrawal of the plea. See Powell, 354 F.3d at 370; see also Carr, 740 F.2d at

345 (finding that a twenty-two-day delay in seeking withdrawal of a guilty plea was not timely).

Regarding the second and fourth Carr factors, Ard argues that in light of the simple facts underlying the case, the government would not be unduly prejudiced and the court would not be unduly inconvenienced. The district court noted that there would be some prejudice and inconvenience since Ard's codefendant had already pleaded guilty and the parties would be required "to resurrect a case which at the present time is nearly closed." Further, we need not consider prejudice until Ard has presented "a good reason for being allowed to withdraw his plea." United States v. Benavides, 793 F.2d 612, 617 (5th Cir. 1986) (internal quotation marks omitted). Ard has not made such a showing.

As to the voluntariness of his guilty plea, the sixth Carr factor, Ard maintains that he was unable to confer adequately with his attorney to discuss defenses and consider the evidence against him and that he was coerced to plead guilty on the basis of threats to charge his wife with a crime. To enter a knowing and voluntary guilty plea, the defendant must have a "full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). Prior to accepting his guilty plea, the district court ascertained that Ard was not under the influence of drugs or alcohol and that he had had sufficient time to discuss his case and possible defenses with counsel. Ard affirmed that he knew he could plead not guilty and that he understood the rights he was waiving through his plea. The court informed Ard of the elements of the offenses to which he was pleading guilty and the possible sentences he could receive. Ard confirmed that he had committed the offenses and that he understood the possible penalties, including the mandatory minimum sentences. Ard denied that he had been promised anything other than the items contained in the plea agreement and that he had not been threatened or coerced into pleading guilty.

The plea colloquy reveals that Ard understood the consequences of pleading guilty. "[S]olemn declarations in open court carry a strong presumption of verity." Lampazianie, 251 F.3d at 524 (internal quotation marks and citation omitted). A defendant ordinarily may not refute testimony given while under oath at a plea hearing. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Ard now maintains, however, that his plea was involuntary. He asserts that Boyer did not assist him before he entered his guilty plea. Ard notes that he sent a letter to the court in February 2007 in which he alleged that his communication with Boyer was "poor" and that counsel had not yet provided him any discovery or transcripts. This letter, sent one month after the indictment issued and three months before Ard's guilty plea, does not constitute any evidence of counsel's assistance or advice to Ard at the time of his plea.

Ard also notes that in his June 4 letter to the court and in his affidavit filed with his formal motion to withdraw, he asserted that he had not had sufficient time to discuss his plea with Boyer before he entered his plea. The record as a whole does not support Ard's assertion. Ard admitted in his letter that he did talk to Boyer on the morning of his plea and that they discussed the agreement and possible defenses, but Boyer advised him that he had little likelihood of success if he proceeded to trial. This fact corroborates Ard's statement during rearraignment that he had discussed his case and defenses with Boyer.

Moreover, during the hearing regarding Boyer's withdrawal, Ard argued that Boyer had not obtained any discovery or filed any pretrial motions. Boyer disputed this assertion, noting that he had filed pretrial motions and that he and Ard had attended a meeting with the United States Attorney to see the evidence. Ard did not dispute this statement. In his affidavit, Ard contended merely "[t]hat he did not adequately consult with his attorney before he pled guilty, neither reviewing any evidence nor discussing possible defenses." This assertion

is belied by Ard's statements in his June 4 letter and Boyer's uncontested assertions at the hearing. Moreover, such a conclusory assertion is insufficient to establish that Ard could overcome his sworn statements at rearraignment.

Likewise, Ard's sworn statements at rearraignment also undermine his complaints about the threats made to prosecute his wife. In support of his claim that threats were made, Ard refers to the affidavit of Special Agent Chad Scott supporting the criminal complaint. In the affidavit, Scott reported that Ard asked him if his wife was going to be arrested, and Scott informed Ard that she would not be arrested if she was not involved in the offense. In his affidavit filed with his motion to withdraw, Ard asserted that the prosecution had threatened to bring charges against his wife and that Scott claimed to have evidence incriminating Ard's wife that would be used if Ard did not admit to possessing the drugs.

However, Ard testified in open court that the government had not offered him anything beyond the plea agreement in exchange for his plea and that no one threatened him. Further, the only direct evidence of statements made by a government agent about Ard's wife (apart from Ard's self-serving affidavit that contradicts his sworn testimony in open court) does not indicate the agent's answer was improper—that she would not be arrested if it was determined that she did not commit a crime. The district court did not abuse its discretion in rejecting Ard's claim that his plea was involuntary.

Regarding the fifth Carr factor, Ard asserts that he was not closely assisted by counsel. As noted, he has not shown that counsel failed to advise him about the effects of his plea, the possible defenses, and the likelihood of success at trial. Moreover, as the district court observed, Boyer filed a motion to suppress on behalf of Ard and obtained a plea in which one count of the indictment was dismissed. Ard implies that counsel's participation in the plea negotiations worsened his position because his original plea agreement offered him a mandatory minimum sentence of fifteen years in prison while the ultimate

plea resulted in a mandatory minimum sentence of seventeen years in prison. The original plea offer, however, did not set forth the proper mandatory minimum sentence for Ard's offense of brandishing a weapon. See 18 U.S.C. § 924(c)(1)(A)(ii). Ard has not shown that he was deprived of counsel's assistance in conjunction with his plea.

In conclusion, Ard has not established that the district court abused its discretion in denying his motion to withdraw his plea.[1] Given the totality of circumstances in this case, we cannot say that the district court erred in law or in fact, or in the application of the former to the latter. Thus, we do not find an abuse of discretion. Likewise, Ard has not alleged sufficient facts to justify relief on his claim, and the district court did not abuse its discretion by refusing to hold an evidentiary hearing before denying relief.

### III.

The judgment of the district court is AFFIRMED.

---

[1] Because we uphold the guilty plea, we need not consider the government's alternative argument based on the plea agreement's waiver of appeal.