**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-51327
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL FIELD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-960-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges

PER CURIAM:[*]

Manuel Field appeals his conviction following a guilty plea to importation of 500 grams or more of methamphetamine. After his plea was accepted, but prior to sentencing, he asserted that his guilty plea was coerced. He contends that the district court failed to make an adequate inquiry into the voluntariness of his plea.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

The Government argues that Field waived his right to appeal his conviction in his plea agreement and that, if Field's claim is subject to review, it should be reviewed only for plain error because he did not file an objection and did not file a motion to withdraw his plea. The Government is incorrect in its assertion that Field waived his right to challenge the voluntariness of his plea. *See United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002). Because Field raised the coercion issue before the district court, we do not apply plain error review.

Although Field failed to file a formal motion to withdraw his plea, his contentions are most analogous to those made in such a motion. Thus, the factors relative to the disposition of a motion to withdraw are relevant in determining whether Field has shown that he was entitled to any further inquiry by the district court into the voluntariness of his guilty plea.

After a district court accepts a guilty plea, but before it imposes the sentence, the district court may grant a motion to withdraw a guilty plea if the defendant can show "any fair and just reason" for its withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Badger*, 925 F.2d 101, 103–04 (5th Cir. 1991). The court makes its determination based on the totality of the circumstances. *Badger*, 925 F.2d at 104.

The totality of the circumstances reflect that there was no fair or just reason for allowing Field to withdraw the plea. Field provided no evidence of the claimed coercion, other than his own statements; he had stated under oath during the plea colloquy that his plea was freely and voluntarily given, and he admitted his guilt to the drug charge several times during the rearraignment. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In addition, Field did not advise the district court that his plea was coerced until the sentencing hearing, several months after the district court had accepted his plea, and he provided no substantial reason for the lengthy delay in filing his motion to withdraw his guilty plea. *See United States v. Benavides*, 793 F.2d 612, 617–18 (5th Cir.

1986). In addition, during his rearraignment, Field agreed that his defense counsel had provided him with adequate representation at the time that he entered his plea. Allowing Field to withdraw the plea would be prejudicial to the Government because the prosecutor would have to again prepare for the same trial, and another trial would require the district court to expend judicial resources already used in commencing the first jury trial. Based on these factors, Field failed to present to the district court a fair and just reason for withdrawing his plea. *See United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

For these same reasons, Field has not shown that the district court abused its discretion in failing to inquire further into the voluntariness of the plea. Contrary to Field's assertion, the record reflects that the district court considered the arguments of both counsel concerning Field's claim of coercion prior to proceeding with the sentencing. Field did not argue that he could prove that his guilty plea was coerced. Nor did he demonstrate the existence of any specific evidence that he could present at an evidentiary hearing to show the coercion occurred. *See United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

AFFIRMED.