# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 15, 2013

Lyle W. Cayce
Clerk

No. 12-50036
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN GONZALEZ-ARCHULETA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1235-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Gonzalez-Archuleta (Gonzalez) was sentenced to concurrent terms of 60 months in prison after pleading guilty to importation of more than 100 kilograms of marijuana and conspiracy to possess more than 100 kilograms of marijuana with intent to distribute. He now appeals the denial of his motion to withdraw his plea.

In determining whether the defendant has established a fair and just reason for withdrawing a guilty plea, this circuit considers several factors, set

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). The determination is based on the totality of the circumstances, and the district court is not required to make findings on each factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). We bear in mind that "solemn declarations in open court carry a strong presumption of verity," *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks omitted), and a defendant ordinarily may not refute testimony given under oath at a plea hearing, *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). We review the denial of the motion for an abuse of discretion. *See Powell*, 354 F.3d at 370.

With respect to the first factor, assertion of innocence, Gonzalez's unsupported claims that he did not know about the marijuana do not weigh in favor of permitting withdrawal, particularly in light of his sworn in-court admissions to the contrary. *See United States v. Clark*, 931 F.2d 292, 294-95 (5th Cir. 1991). The third factor, Gonzalez's delay in filing his motion, further supports denial of the motion as he waited until two months after pleading guilty and two weeks after the presentence report was prepared. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994)*; United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

The record also indicates that he had close assistance of counsel; thus, the fifth factor also weighs in favor of denying the motion. *See United States v. Benavides*, 793 F.2d 612, 613-14, 617 (5th Cir. 1986). Gonzalez's attorney, Russell Aboud, negotiated a favorable plea agreement, which resulted in downward adjustments for acceptance of responsibility and for Gonzalez's minor role. Before Aboud took over, Gonzalez had the assistance of a federal public defender, who represented him in the pre-plea stages, including at a preliminary detention hearing. Although Aboud withdrew, citing a conflict with Gonzalez, the record does not suggest that this conflict affected Aboud's representation regarding the plea.

2

No. 12-50036

As for the knowing and voluntary nature of the plea, factor six, the rearraignment transcript shows that the plea was knowing, and Gonzalez offers no argument to the contrary. *See United States v. Hernandez*, 234 F.3d 252, 255 & n.3 (5th Cir. 2000). With respect to voluntariness, although Gonzalez asserts that he felt coerced into admitting his culpability during interrogation, his uncorroborated denials are insufficient to rebut his sworn statements at rearraignment that nobody had coerced, threatened, or intimidated him, and that he was guilty. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

There is no record or determination by the court regarding whether withdrawal would cause prejudice to the Government, create inconvenience for the court, or waste judicial resources—the second, fourth, and seventh factors, respectively. These considerations have little weight. *See United States v. McKnight*, 570 F.3d 641, 649-50 (5th Cir. 2009).

Finally, Gonzalez contends in his statement of issues and in a single conclusional statement that the Government breached the plea agreement, but he provides no argument in the body of his brief. Thus, he has abandoned this issue. *See United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1099 (5th Cir. 1991).

Given the totality of the circumstances, we discern no abuse of discretion. The judgment is AFFIRMED.