# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10742
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TASHA LASHAUN WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-298-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tasha Lashaun Wilson appeals her conviction for theft of government money. She contends that the district court abused its discretion in denying her motion to withdraw her guilty plea. The withdrawal motion, filed 20 months after Wilson pleaded guilty pursuant to a written plea agreement,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10742

was based on her assertion that she was innocent of the charge and that she was coerced by counsel into pleading guilty.

The district court may permit a defendant to withdraw her guilty plea after acceptance of the plea but before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). The denial of a motion to withdraw is reviewed for abuse of discretion. *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

This court considers the following factors to determine whether, under the totality of the circumstances, the district court should have permitted the defendant to withdraw her plea:

> (1) whether or not the defendant has asserted [her] innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing [her] withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (internal citations omitted). "No single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir 1991).

The district court committed no error of law and did not make any clearly erroneous factual finding. In particular, Wilson's allegation of innocence is not supported by the record evidence, her signed factual resume, or her rearraignment testimony. Mere assertions of innocence without "a substantial supporting record" are insufficient. *See United States v. Clark*, 931 F.2d 292,

No. 17-10742

295 (5th Cir. 1991). Moreover, the extent of the delay in filing the withdrawal motion does not support *Carr*'s rationale for allowing the withdrawal of a guilty plea. *See* 740 F.2d at 345. Wilson's delay of nearly two years weighs heavily against her. *See, e.g., United States v. Harrison*, 777 F.3d 227, 237 (5th Cir. 2015); *United States v. Gonzalez-Archuleta*, 507 F. App'x 441, 442 (5th Cir. 2013); *Carr*, 740 F.2d at 345.

While Wilson contends that she did not have close assistance with competent counsel, her allegations are undercut by her testimony at the rearraignment that she was satisfied with counsel's advice and representation. Wilson's assertions at her rearraignment that she pleaded guilty knowingly and voluntarily and with satisfactory representation of counsel were made under oath and therefore "carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks omitted). In light of the totality of the circumstances and analysis of the *Carr* factors, the district court did not abuse its discretion in denying Wilson's motion to withdraw her guilty plea. *See Urias-Marrufo*, 744 F.3d at 364.

AFFRIMED.