**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-50264
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR A. SOTO,

Defendant-

Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CR-264-1-SS
-----------------------------------------------------------
January 19, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Hector A. Soto appeals his guilty-plea convictions and sentences for conspiracy and possession with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 846. He also appeals the district court's denial of his motion to withdraw his guilty plea. Soto argues that the district court violated FED. R. CRIM. P. 11 when it failed to admonish Soto at rearraignment regarding a 21 U.S.C. § 860 offense alleged in the indictment; that the indictment was defective under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000); and that the district court abused its discretion in denying his motion to withdraw his guilty plea, which was premised on the alleged Rule 11 and Apprendi violations.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court granted the Government's motion to strike the § 860 offense from the indictment and the charge played no role in Soto's conviction or sentence, the district court's failure to admonish Soto concerning the charge at rearraignment did not affect Soto's substantial rights, and therefore the error, if any, was harmless. See United States v. Johnson, 1 F.3d 296, 301-03 (5th Cir. 1993) (en banc).

To the extent that Soto challenges the district court's determination of his sentence based on Apprendi, the record shows that he executed a valid waiver of appeal of his sentences and that this issue is not encompassed within the exceptions to the waiver. Further, although the presentence report determined that Soto was responsible for greater drug quantities than alleged in the indictment, Soto's sentences on each count were within the statutory maximums based on the quantities alleged in the indictment, and therefore Apprendi is inapplicable. See United States v. Keith, ___ F.3d ___, 2000 WL 1532802 at *2-*3 (5th Cir. Oct. 17, 2000, No. 99-50692). To the extent that Soto argues that his guilty plea was not made knowingly and voluntarily because the indictment was allegedly defective under Apprendi, the argument is without merit. The indictment sufficiently alleged the drug quantities to which Soto pleaded guilty and for which he was sentenced. See United States v. Doggett, ___ F.3d ___, 2000 WL 1481160 at *3 (5th Cir. Oct. 6, 2000, No. 99-50380).

Soto has not met his burden of establishing a fair and just reason why he should have been permitted to withdraw his guilty plea. See FED. R. CRIM. P. 32(e); United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991). The district court did not abuse its discretion in denying Soto's motion to withdraw his guilty plea. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997).

AFFIRMED.