IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10508
Summary Calendar

_____


UNITED STATES OF AMERICA

                Plaintiff - Appellee

v.

ROGELIO RAMIREZ-MENDOZA

                Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-232-1
--------------------
January 15, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

     Rogelio Ramirez-Mendoza appeals the district court's denial

of a motion to withdraw his guilty plea to a violation of

8 U.S.C. § 1326.  Ramirez-Mendoza contends that the district

court applied an erroneous standard and abused its discretion.

Ramirez-Mendoza asserts that the district court focused on his

actual innocence and on the validity of documents that he

provided in support of his contention that he had discovered a

defense to the 8 U.S.C. § 1326 prosecution after entry of the

plea.  Ramirez-Mendoza contends that the United States v. Carr,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

740 F.2d 339, 343-44 (5th Cir. 1984), factors weigh in favor of granting the motion to withdraw.

The district court may grant a motion to withdraw a plea filed prior to sentencing if the defendant shows "any fair and just reason." Fed. R. Crim. P. 32(e). We review the district court's denial of a motion to withdraw a plea for an abuse of discretion. United States v. Brewster, 137 F.3d 853, 857 (5th Cir. 1998).

In its evaluation of a motion to withdraw a plea, the district court should consider the defendant's assertion of innocence; the prejudice to the Government; the defendant's delay in filing the motion; the inconvenience to the court; the close assistance of counsel; the knowing and voluntary nature of the plea; and the potential waste of judicial resources. Id. (citing Carr, 740 F.2d at 343-44). The absence of express findings on each factor does not establish an abuse of discretion. United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991). No single factor or combination mandates a particular result; the decision is based on the totality of the circumstances. Id. A claim of innocence does not alone warrant the withdrawal of a guilty plea. Carr, 740 F.2d at 344.

Ramirez-Mendoza based his claim of innocence and his assertion that his plea was unknowing and involuntary on the strength of his potential defense to the 8 U.S.C. § 1326 offense. The district court did not apply an erroneous standard by evaluating the viability of Ramirez-Mendoza's asserted defense. See Carr, 740 F.2d at 343-47. The district court's findings are

supported by the record and are not clearly erroneous. <u>Millard v. Lynaugh</u>, 810 F.2d 1403, 1406 (5th Cir. 1987). Ramirez-Mendoza's belief that he had obtained consent to reapply for admission to the United States is not a defense recognized by law. <u>United States v. Asibor</u>, 109 F.3d 1023, 1036 (5th Cir. 1997). The district court did not abuse its discretion by denying Ramirez-Mendoza's motion to withdraw the guilty plea. <u>Badger</u>, 925 F.2d at 104; <u>Carr</u>, 740 F.2d at 343-44. Accordingly, the judgment of the district court is AFFIRMED.