**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond Eugene BADGER,**
**Defendant-Appellant.**

**Nos. 90–8114, 90–8115.**

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1991.

Peter B. Keller, Keller & Postero, Tuscon, Ariz., for defendant-appellant.

Mark R. Stelmach, and LeRoy Morgan Jahn, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Raymond Eugene Badger pleaded guilty to one count of conspiracy to possess and distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and to

one count of willfully failing to appear before the district court, in violation of 18 U.S.C. § 3146(a)(1). Prior to sentencing on the individual counts, Badger made an oral motion to withdraw both pleas. The district judge denied these motions. He then sentenced Badger to 41 months imprisonment for the conspiracy count, followed by three years supervised release. He also fined Badger $5,000 and ordered a $50 special assessment. On the failure to appear count, Badger was sentenced to 19 months imprisonment followed by two years supervised release, to run consecutively to the sentence on the conspiracy charge. He also ordered an additional $50 special assessment. These two cases have been consolidated for appeal.

Badger now claims that the district judge erred in refusing to allow him to withdraw his pleas, in failing to find that he was a minimal or minor participant for purposes of a downward adjustment in his sentence for conspiracy, and in requiring a minimum period of three years supervised release for the conspiracy conviction. We vacate that part of the sentence on the conspiracy count providing for three years supervised release, and remand for reconsideration of that aspect only of the sentence. The remainder of the district court's disposition of the case is affirmed.

## I. *Facts*

On February 8, 1988, Badger drove a borrowed automobile into the Sierra Blanca checkpoint in Hudspeth County, Texas. Co-defendant Ralph Guerin was a passenger in the car. Badger's demeanor made the border agent suspicious, and he requested permission to open the trunk of the vehicle. Badger consented both to the opening of the trunk and to the subsequent search of the bags contained therein. This search revealed 198 pounds of marihuana with an estimated street value of $158,624. These facts led to a two count indictment charging Badger and Guerin with possession of a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1), and with conspiracy to possess a controlled sub-

stance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Both Badger and Guerin were released on bond.

Badger failed to appear for trial on May 2, 1988.[1] This failure to appear prompted a second indictment for violation of 18 U.S.C. § 3146(a)(1). While still a fugitive, Badger offered information to the government in exchange for a plea agreement. The government refused to discuss any accommodation as long as Badger remained at large. Badger did not turn himself in, but instead was apprehended in California on October 23, 1989.

Badger agreed to plead guilty to the conspiracy count of the first indictment in return for dismissal of the possession count. The information offered by Badger while he was a fugitive played no role in the agreement reached between Badger and the government. He entered this plea on December 11, 1989. On January 3, 1990, he pleaded guilty to the failure to appear charge. The district judge accepted both pleas after advising Badger pursuant to Fed.R.Crim.P. 11 of the consequences of entering a plea of guilty. Sentencing for both convictions took place on January 29, 1990.

## II. *Request to Withdraw Plea*

On the day of sentencing, Badger asked the district court for permission under Fed. R.Crim.P. 32(d) to withdraw his guilty pleas to both the conspiracy count and the failure to appear count. The district judge denied these requests. We now affirm those decisions.

Fed.R.Crim.P. 32(d) allows a district judge to permit a defendant to withdraw a guilty plea prior to sentencing upon the showing of "any fair and just reason." We will reverse a lower court's denial of a motion to withdraw a guilty plea only for abuse of discretion. *United States v. Clark*, 917 F.2d 177, 180 (5th Cir.1990); *United States v. Daniel*, 866 F.2d 749, 752 (5th Cir.1989). Although Rule 32(d) should be construed and applied liberally, there is no absolute right to withdraw a guilty plea.

---

1. Co-defendant Guerin also failed to appear. He remains a fugitive.

*United States v. Benavides,* 793 F.2d 612, 616 (5th Cir.), *cert. denied,* 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986).

■ In *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985), we set out seven factors for the district courts to consider when ruling on a Rule 32(d) motion: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether adequate assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. No single factor or combination of factors mandates a particular result. Instead, the district court should make its determination based on the totality of the circumstances. *Id.* at 344.

■ Although Badger points out that the district judge did not make specific findings on each of the *Carr* factors, that circumstance does not establish that the district judge abused his discretion by denying Badger's motions. By enumerating those factors we did not intend to require the district court to make a specific finding as to each of the seven factors every time a defendant requests to withdraw a guilty plea. The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant. *United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir.), *cert. denied,* 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988). Badger did not attempt to invoke any of the *Carr* factors to support his Rule 32(d) motions. He cannot now argue that the district court abused its discretion by failing to consider arguments that he had the burden to raise. At sentencing, Badger claimed only that the government's failure to offer him a substantial deal in exchange for information justified his requests to withdraw his pleas. Unfulfilled expectations of a deal for a lighter sentence do not constitute a fair and just reason for allowing withdrawal of a guilty plea.

■ Additionally, the record indicates that the *Carr* factors do support the district court's ruling. Badger asserts that allowing withdrawal of his pleas would not prejudice the government, inconvenience the court, or waste judicial resources. Even if these factors weigh in Badger's favor, they do not tip the scales to the extent necessary to find an abuse of discretion. The remaining *Carr* factors all support the district court's rulings.

The district judge carefully and thoroughly explained to Badger the consequences of agreeing to plead guilty. Badger knowingly and voluntarily chose to enter the pleas. He was ably and effectively represented by the counsel of his choice throughout the proceedings. Even if he believed that he should not be convicted for his participation in this venture, he did not claim innocence as to the acts which support the conviction. Finally, he did not attempt to withdraw his pleas until the day of sentencing. Over six weeks had passed since he entered his guilty plea on the conspiracy charge, and nearly three weeks had passed since he pleaded guilty to the failure to appear charge. The district court was correct in denying Badger's motions to withdraw his pleas.

### III. *Minimal or Minor Participant*

Badger contends that the district judge erred by refusing to characterize him as a minimal or minor participant in the conspiracy to distribute marihuana. Under the Sentencing Guidelines, a minimal or minor participant is entitled to a decrease in his criminal offense level. Section 3B1.2 provides a four level decrease for a minimal participant and a two level decrease for a minor participant in the criminal activity.

■ A trial judge's determination of whether a defendant played a mitigating role in an offense as a minimal or minor participant is a factual finding subject to review under the clearly erroneous standard. *United States v. Garcia,* 917 F.2d 1370, 1378 (5th Cir.1990); *United States v. Thomas,* 870 F.2d 174, 177 (5th Cir.1989).

In making this finding, the district judge obviously is not bound to accept the defendant's own declarations about his level of participation in the crime. *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

■ Although they are not very precise, the Sentencing Guidelines point the way for a district judge making this factual finding. The commentary to § 3B1.2 defines a minimal participant as one who is "plainly among the least culpable of those involved in the conduct of a group." The defendant's level of knowledge of the scope and structure of the criminal enterprise is mentioned as one factor to consider in making the factual finding. The commentary for the minor participant adjustment is at best a generalization: "a minor participant means any participant who is less culpable than most other participants but whose role could not be described as minimal."

We hold that the trial judge's finding was not clearly erroneous. The record shows that Badger was a person of substantial education who could be certain to realize the seriousness of the offense he was committing. He knew that the car he was driving contained a large quantity of marihuana. Badger also knew that the contraband in the car represented part of a broad conspiracy to transport large amounts of marihuana. Before their apprehension at the Sierra Blanca checkpoint, Badger and Guerin had already transported the marihuana a great distance. The district court properly concluded that Badger had plenty of time to separate himself from the conspiracy during the long trip between Arizona and the checkpoint. These factors certainly imply that Badger participated in the venture to a greater extent than he would have the district court believe. We hold that the evidence supports the district judge's determination that Badger was neither a minimal nor minor participant in his crime.

## IV. *Supervised Release*

The district judge appended three years of supervised release onto Badger's 41 month sentence for the conspiracy count. Badger urges that the judge acted under the mistaken impression that this three year term of supervised release was a mandatory component of the conspiracy sentence. Because the applicable statutes did not require three years supervised release, Badger asserts that he is entitled to resentencing.

The conduct prompting the conspiracy charge occurred on or about February 8, 1988, the date authorities apprehended Badger at the Sierra Blanca checkpoint. The version of 21 U.S.C. § 846, the conspiracy statute, in effect on that date contained no provision for a term of supervised release.[2] Although the applicable conspiracy statute did not require imposition of a term of supervised release, it also did not prohibit it, and another statute did authorize supervised release. 18 U.S.C. § 3583(a) authorizes a district court to include a term of supervised release as part of any sentence for commission of a felony. Badger's felony was a Class C.[3] This statute allows a maximum of three years supervised release for Class C felonies. 18 U.S.C. § 3583(b)(2). We have recently held that 18 U.S.C. § 3583 authorizes imposition of a period of supervised release for conspiracy convictions under pre-amendment 21 U.S.C. § 846. *United States v. Van Nymegen*, 910 F.2d 164, 166 (5th Cir.1990); *United States v. Badillo*, 909 F.2d 849, 851 (5th Cir.1990).

---

**2.** Prior to amendment in 1988, 21 U.S.C. § 846 provided only for punishment by imprisonment or fine. Pub.L. No. 91–513, Title II, § 406, 84 Stat. 1265 (October 27, 1970). Congress later amended the statute to allow "the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Pub.L. No. 100–690, Title VI, § 6740(a), 102 Stat. 4377. This amendment,

however, is inapplicable to Badger because it did not become effective until November 18, 1988.

**3.** Badger's conviction for conspiracy to possess with intent to distribute under 21 U.S.C. § 846 is a Class C felony because it carries a maximum sentence of less than twenty-five years imprisonment. 18 U.S.C. § 3559(a)(3).

Regardless of what these individual statutes require or allow, we still must look to the Sentencing Guidelines to determine the range of supervised release applicable to Badger's conviction. The applicable guidelines impose restrictions on the district court's authority to impose or refrain from imposing supervised release under any statute. Specifically, the enabling statute for the Sentencing Guidelines now requires a trial judge to include a term of supervised release as part of any sentence of more than one year. U.S.S.G. § 5D1.1(a) (1989). The term of supervised release depends on whether the defendant is convicted under a statute that already requires supervised release. U.S.S.G. § 5D1.2. As noted above, pre-amendment 21 U.S.C. § 846 did not include provisions for supervised release. Because Badger was convicted for a Class C felony, the guidelines *required* a term of supervised release of at least two years, but not more than three years. U.S.S.G. § 5D1.2(b)(2).

Badger's sentence including a three year term of supervised release obviously falls within the range authorized by the Sentencing Guidelines. A problem arises, however, because of an inaccuracy in the Presentence Report. That report erroneously indicated that the amended version of 21 U.S.C. § 846 governed Badger's conviction, requiring a minimum term of three years supervised release.[4] The district judge followed this mistaken report about the scope of his sentencing authority and the accompanying advice by the prosecutor based upon it. In the Rule 11 colloquy during rearraignment on the conspiracy charge, the district judge instructed Badger that the sentence imposed had to include a *minimum* term of three years supervised release:

> THE COURT: ... I don't believe there is provision for supervised release under the conspiracy. Is there?

MR. RUSSELL: Yes, Your Honor, there is.

THE COURT: There will be a minimum of supervised release for at least three years; do you understand that Mr. Badger, after you get out of prison.

THE DEFENDANT: Yes. You said three years?

THE COURT: Yes, sir.

THE DEFENDANT: That is the minimum?

THE COURT: Supervised release, yes, sir. . . .

Our concern is that if the district judge had not treated the term of three years as mandatory, he might have decided that two years supervised release would have been sufficient.

▇ Generally, we do not review a district judge's sentence if it falls within the statutory limitations. *United States v. Juarez–Ortega,* 866 F.2d 747, 748 (5th Cir. 1989). By enacting the Sentencing Reform Act of 1984, however, Congress approved limited appellate review of sentences (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Sentencing Guidelines, (3) greater than the sentence specified in the guideline range, or (4) imposed for an offense for which there is no guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). If we determine that a sentence was imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines, we must remand the case for resentencing with appropriate instructions. 18 U.S.C. § 3742(f)(1).

Our recent decision in *United States v. Lara–Velasquez,* 919 F.2d 946, 957 (5th Cir.1990) provides some guidance for the application of § 3742 to Badger's conviction. In *Lara–Velasquez,* the trial judge misinterpreted the Sentencing Guidelines to bar consideration of the defendant's rehabilitative potential for purposes of a down-

---

**4.** This initial error propagated an additional mistake in the Report. The probation officer reported that under the Sentencing Guidelines the judge had the authority to impose from three to five years supervised release as part of Badger's sentence. The provision relied upon, § 5D1.2(a), applies only when the applicable statute requires a term of supervised release. As noted in the text of our opinion, since the pre-amendment 21 U.S.C. § 846 did not require supervised release, the appropriate guideline is § 5D1.2(b)(2) which requires a term of supervised release for a Class C felony of at least two years but not more than three years.

ward departure within the applicable guideline range. Actually under the Sentencing Guidelines, the trial judge was authorized to consider rehabilitative potential as a factor justifying a downward departure. Although the sentence imposed on the defendant fell within the limits set by the guidelines, we vacated the sentence and remanded for reconsideration. Accepting that the trial court was not *required* to allow a downward departure for rehabilitative potential, we nevertheless remanded the case to ensure that the trial judge imposed a sentence with a complete understanding of his authority under the guidelines. This principle applies precisely in Badger's case.

■ In Badger's case, as in *Lara-Velasquez*, the district court as a result of misinformation given it misinterpreted its authority when it determined that a conviction for conspiracy under pre-amendment 21 U.S.C. § 846 carried with it a mandatory term of three years supervised release. The applicable guidelines required a minimum term of supervised release of only two years, with a maximum allowable term of three years. The district judge was unaware of his discretion to sentence Badger to a two year term of supervised release. This misinterpretation of sentencing authority resulted in a sentence imposed as a result of an incorrect application of the guidelines for purposes of 18 U.S.C. § 3742(a)(2). For this reason we must vacate the supervised release portion of Badger's sentence, and remand the case for resentencing. 18 U.S.C. § 3742(f)(1); *see Lara-Velasquez*, 919 F.2d at 957; *see also United States v. Brown*, 903 F.2d 540, 545 (8th Cir.1990) (authorizing remand without relying explicitly on § 3742).

We stress the limited nature of this holding. On remand, we are not instructing the district judge to reduce Badger's sentence. Instead, we hold only that the district judge reconsider the sentence with the knowledge that although he has the authority to set a three year term of supervised release, he could have given a term of as little as two years.

### V. *Conclusion*

Badger knowingly and voluntarily pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, and one count of failure to appear before the district court. The trial judge did not abuse his discretion by refusing to allow Badger to withdraw these guilty pleas prior to sentencing. The sentences issued by the district court comply, with one exception, to the Sentencing Guidelines. The district judge's finding that Badger was not a minimal or minor participant in the conspiracy charge was not clearly erroneous. The district court's imposition of three years supervised release for the conspiracy charge, however, must be vacated. The judge was not required, as the presentence report led him to believe, to order three years supervised release as part of the sentence. On remand, the district court must decide what term of supervised release from two years to three years is appropriately included as part of Badger's sentence.

We AFFIRM Badger's sentence in part, VACATE it in part, and REMAND for resentencing in accordance with this opinion.

AFFIRMED in part, VACATED AND REMANDED.