IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30884
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY HANDY, also known as Dubie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-319-1-D

_____

October 21, 2002

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:*

Harry Handy appeals his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 846. Handy contends that the district court committed reversible error by failing to advise him at rearraignment that the right to trial included the right to a jury trial. In light of the Supreme Court's decision in *United*

---

*Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Vonn*, 122 S.Ct. 1043 (2002), which was decided after Handy's brief was filed, Handy concedes that this argument is frivolous. We agree that Handy has not shown that the district court's omission of the word "jury" from the plea colloquy affected his substantial rights. *See Vonn*, 122 S.Ct. at 1048; *United States v. Caston*, 615 F.2d 1111, 1114-16 (5th Cir. 1980).

Handy has filed a supplemental brief on appeal arguing for the first time that the district court's denial of his oral motion to withdraw his guilty plea requires reversal. The district court did not abuse its discretion in denying Handy's last-minute *pro se* request to withdraw his guilty plea (made near the conclusion of the sentencing hearing and over three and a half months after the plea had been accepted) because Handy did not properly support the motion by asserting any fair and just reason for withdrawing his plea. *See* FED. R. CRIM. P. 32(e); *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). Contrary to the contention in the supplemental brief, the district court's remarks do not indicate that the district judge "considered withdrawing the plea a legal impossibility;" they indicate nothing more than that the court (the same judge who had accepted the plea), seeing no fair and just reason for withdrawal of the plea, would not allow it.

As for the contention in the supplemental brief that Handy (who was represented by counsel throughout) was not given an opportunity to state reasons for his motion, neither he nor his

2

counsel ever sought or attempted to state any reasons or ever requested to be allowed to do so, or requested a hearing or an opportunity to confer or the like, or made any objection to the court's ruling on any such ground (or indeed on any ground).  All contentions respecting withdrawal of the plea were raised for the first time in the supplemental brief on appeal.  Nowhere in that brief, nor anywhere in the record, is there any suggestion of any reason why or on what basis withdrawal of the plea was sought or should have been allowed or what would or could be shown in that respect if the case were remanded; indeed the record indicates it is highly improbable that there could be any fair and just reason to withdraw the plea.  We conclude that the contentions respecting Handy not being afforded any opportunity to state reasons are governed by FED. R. CRIM. P. 52(b), that no prejudice has been shown and that reversal is not called for.  *Vonn, supra.*

AFFIRMED.