**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 15, 2007**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 05-11049

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY STEVEN GONZALES,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(4:05-CR-30-2)

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Having entered a conditional guilty plea to two counts of possession of an unregistered firearm and one count of possession of a firearm in furtherance of a drug-trafficking crime, Gregory Gonzales was sentenced to 308 months in prison. He challenges his conviction and sentence. The Government concedes reversible error for part of the sentence. **CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR RESENTENCING.**

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In February 2005, Fort Worth, Texas, Police Officers, without announcing their presence, executed a search warrant at Christopher Gonzales' home. He was suspected of drug trafficking. His half-brother, appellant Gregory Gonzales (Gonzales) was also there. As Officers entered, they observed Christopher Gonzales diving toward a firearm. To prevent his gaining possession of the weapon, an Officer struck him with a firearm, resulting in a cut on his forehead. The apartment was searched and Officers retrieved numerous firearms and two pipe bombs. Christopher Gonzales and Gonzales were both arrested.

Christopher Gonzales was transported to a hospital for treatment for his injuries; Gonzales, to the local Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) office for questioning. ATF Agents read Gonzales his *Miranda* rights, which he subsequently waived. He described to ATF Agents his involvement in a drug-trafficking scheme with Christopher Gonzales and provided a handwritten statement. According to Agents, at *no* time during the interview did Gonzales inquire about Christopher Gonzales' well-being or exhibit any concern about his brother's condition.

In February 2005, Gonzales was indicted with Christopher Gonzales. That May, Gonzales moved to exclude his oral and written statements to Agents, claiming they were a product of coercion by them: he alleged he was traumatized after seeing Christopher Gonzales struck; and, therefore, made the statements out of fear.

At a joint suppression hearing on 5 May 2005 for both brothers, ATF Agents testified to the circumstances surrounding the search of Christopher Gonzales' apartment and the extent of his injuries. They claimed Christopher Gonzales was struck by the Agents as he reached for a firearm. According to Agents, after the brothers were arrested, Christopher Gonzales was attended to by ATF medics and was transported to the hospital for stitches; he did *not* lose consciousness and was mentally alert. Agents also testified that, when interviewed, Gonzales: admitted he had been to the apartment numerous times where he helped his brother sell drugs; was aware of the presence of firearms in the apartment; and did *not* appear concerned about Christopher Gonzales' well-being during questioning. Neither brother testified at the suppression hearing.

At the end of the hearing, the district court denied Gonzales' suppression motion, finding: the Government did *not* engage in "coercion or inappropriate persuasion", causing Gonzales to give the statements; they were "knowingly, willingly, and voluntarily made and were done so at a time when [Gonzales] had full possession of his facilities and knew exactly what he was doing".

At his rearraignment on 13 May 2005, Gonzales pleaded guilty to two counts of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (B)(i). In doing so, he reserved the

right to appeal the denial of his suppression motion.  The basis for Gonzales' plea was provided in a factual resume, signed by Gonzales on 10 May; articulated by the Government at his rearraignment; and verbally agreed to then by Gonzales.  (In addition to his agreeing to the factual basis and his statements to the Agents, by a 30 June 2005 letter to the prosecutor, Gonzales admitted his crimes and expressed remorse.)

On 26 August 2005, after acquiring new counsel, Gonzales testified at Christopher Gonzales' sentencing hearing.  Contrary to the above-described factual resume and his previous statements to Agents, Gonzales claimed:  the day the police arrived at the apartment was the first time he had been there; he had never seen any drugs or drug paraphernalia there; the only firearm he saw was the revolver on the bed at the time the police entered; he had lied in his handwritten statement because the ATF Agents told him to and he was fearful of being hit like Christopher Gonzales had been; and he had lied under oath during the rearraignment when he stated the factual resume was complete and true.  Accordingly, Gonzales' Presentence Investigation Report (PSR) was amended, recommending both removing an acceptance-of-responsibility adjustment and enhancing his base-offense level for obstruction of justice.

In September 2005, Gonzales moved to withdraw his guilty plea, contending his disavowal of his factual resume at Christopher Gonzales' sentencing hearing called into question whether his plea

-4-

was supported by a factual basis.  He alleged he had intended to file the motion earlier, but his first attorney had talked him out of it.

The district court heard arguments on the plea-withdrawal motion at the outset of Gonzales' sentencing hearing on 14 September 2005 and found the statements contained in the factual basis, and made by Gonzales during rearraignment, were true.  The district court noted Gonzales' signed factual resume and found, despite Gonzales' recent recantation, there was no reasonable question regarding his guilt.  (Christopher Gonzales testified at the hearing and disavowed Gonzales' involvement in any illicit activities.)  Accordingly, the court denied Gonzales' motion to withdraw his guilty plea.

At the sentencing portion of the hearing, the district court denied Gonzales' counsel's attempt to make new, oral objections to the PSR, in addition to written objections previously submitted.  Gonzales was sentenced, *inter alia*:  to two concurrent 188-month sentences for the two possession-of-an-unregistered-firearm counts; and for possession of a firearm in furtherance of a drug-trafficking crime, to 120-months' imprisonment, to be served consecutive to his 188-month sentences, resulting in 308-months' imprisonment.

II.

Gonzales claims the district court erred by: denying his motion to suppress his statements to the ATF Agents; denying his motion to withdraw his guilty plea; not allowing him at sentencing to make new objections to the PSR; and sentencing him to a term of imprisonment greater than the statutory maximum for possession of an unregistered firearm.

A.

Concerning the motion to suppress, Gonzales maintains he was traumatized by seeing his brother hit during the arrest; and therefore, fearful of his well-being, he gave an involuntary confession. As noted, he did not testify at the suppression hearing. Accordingly, no direct evidence supports this contention. Instead, to rebut testimony by witnesses at the suppression hearing, he relies in part on his testimony at Christopher Gonzales' subsequent sentencing hearing.

The standard for determining whether a confession is voluntary is whether, under the totality of the circumstances, the statement is a product of the accused's "free and rational choice". *United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1347 (5th Cir. 1994) (internal citations and quotations omitted). A district court's findings of fact for a suppression hearing are reviewed for clear error; its conclusions of law, *de novo*. *E.g., United States v. Cardenas*, 9 F.3d 1139, 1147 (5th Cir. 1993). A finding is clearly erroneous only when the reviewing court is left with a "definite

and firm conviction that a mistake has been committed". *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). The evidence is reviewed in the light most favorable to the prevailing party in district court. *Cardenas*, 9 F.3d at 1147. Of course, deference is accorded the district court's credibility determinations. *See United States v. Restrepo*, 994 F.2d 173, 183 (5th Cir. 1993) (holding that, on appeal, court must give credence to the credibility choices and findings of fact of the district court); *United States v. Tellez*, 11 F.3d 530, 532 (5th Cir. 1993) ("The district court's ruling to deny the suppression motion should be upheld if there is any reasonable view of the evidence to support it.")(internal citations and quotations omitted).

As discussed *supra*, during the suppression hearing, the court heard testimony that Christopher Gonzales received a cut above his eye and was taken to the hospital for treatment after an Officer struck him as he dove for a firearm. Gonzales did *not* indicate any concern or inquire about his brother's condition before, during, or after the interview with the ATF Agents, nor does Gonzales contend otherwise. Accordingly, the district court determined: Gonzales was advised of his *Miranda* rights and knowingly waived them; he did *not* ask to speak with an attorney; and his statement was *not* the product of threats or coercion. *See Ornelas-Rodriguez*, 12 F.3d at 1348 (upholding voluntariness of confession of defendant who

-7-

witnessed co-defendant hit several times in elevator by law-enforcement officials because confession took place several hours after incident and defendant was *not* threatened for refusing to confess).  The district court did *not* clearly err in finding Gonzales' statement voluntary.  (To the extent Gonzales seeks to rely on his testimony at Christopher Gonzales' sentencing hearing, and although the district court took judicial notice of it, no transcript of that testimony was included in the record on appeal. In any event, such testimony could *not* be considered for our ruling on the earlier decision to deny the suppression motion, especially in the light of the court's having then heard testimony.)

B.

Concerning the district court's denying his motion to withdraw his guilty plea, Gonzales contends:  because he repudiated the factual resume, the plea does *not* have a factual basis on which to stand; and the district court incorrectly applied the below-described **Carr** factors.  A district court may permit withdrawal of a guilty plea before a defendant is sentenced if the defendant shows "any fair and just reason".  FED. R. CRIM. P. 11(d)(2)(B).  On the other hand, there is no absolute right to withdraw a guilty plea.  **United States v. Grant**, 117 F.3d 788, 789 (5th Cir. 1997). The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion.  **Id.**

1.

-8-

In deciding whether denial of the withdrawal motion was an abuse of discretion, this court, under *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), "traditionally considers seven relevant factors: (1) whether the defendant asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the withdrawal motion, (4) whether withdrawal would inconvenience the court, (5) whether adequate assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources". *Grant*, 117 F.3d at 789. No single factor mandates a particular result; instead, the court makes its determination based on the totality of the circumstances. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

Regarding the *Carr* factors, the district court thoroughly examined whether the plea was made knowingly and voluntarily. The court noted: it went over the elements of each of the offenses with Gonzales at his rearraignment and was told by him that each was present in the case; Gonzales signed the factual resume, attesting the factual basis for the plea was true and correct; it carefully "interrogated" Gonzales to determine whether the plea was made voluntarily; and the factual resume was read aloud, and Gonzales assured the court it was correct. Gonzales' open pronouncement in court carried special weight; it is well established that "[s]olemn declarations in open court carry a

-9-

strong presumption of verity". ***Blackledge v. Allison,*** 431 U.S. 63, 74 (1977). The district court found "no reasonable question that can be raised at this time concerning [Gonzales'] guilt". It also noted: Gonzales had been represented by competent counsel, a finding *not* contested by Gonzales; and a trial would waste judicial resources.

The court adequately reviewed the ***Carr*** factors. Gonzales fails to show an abuse of discretion. *See* ***Badger***, 925 F.2d at 104.

2.

Along this line, Gonzales' claim that his repudiation of the factual resume invalidates his plea because it now has no factual basis on which to stand is without merit. The district court, as a finder of fact, determined the initial guilty plea was credible, after hearing the testimony and observing Gonzales' demeanor. *See* ***Carr***, 740 F.3d at 345; *see also* ***United States v. Pologruto***, 914 F.2d 67, 70 (5th Cir. 1990) ("Credibility choices lie within the province of the trier-of-fact.")

C.

Gonzales next contests the district court's refusing, at the sentencing hearing, to allow his oral (new) objections to the amended PSR. As discussed *supra*, the PSR had been amended after Gonzales' recantation at his brother's sentencing.

Because Gonzales' new objections were outside Federal Rule of Criminal Procedure 32(f)(1)'s 14-day window, they were untimely.

Under Rule 32(i)(l)(D), the district court has *discretionary* authority to entertain untimely objections to the PSR "for good cause". Not permitting such untimely objections is reviewed for an abuse of discretion. **United States v. Chung**, 261 F.3d 536, 538 (5th Cir. 2001).

Though Gonzeles' counsel did *not* specify his new objections at the sentencing hearing, he stated they centered around Gonzales' repudiation of facts contained in the factual resume. (Nor does Gonzales detail his desired objections in his brief on appeal.) Gonzales' objections to the PSR's factual basis had been already examined by the district court at the sentencing hearing when it heard arguments on the guilty-plea-withdrawal motion; at that time, the court ruled Gonzales' new version of events was *not* credible. Because the district court throughly covered these issues previously, it did *not* abuse its discretion in denying the new, oral objections to the PSR.

D.

Finally, Gonzales contends the district court erred by sentencing him to a term of imprisonment greater than the statutory-maximum ten-year term for possession of an unregistered firearm. The legality of a criminal sentence is reviewed *de novo*. **United States v. Ortlieb**, 274 F.3d 871, 879 (5th Cir. 2001). Because Gonzales did *not* raise this issue in district court however, we review only for plain error. FED. R. CRIM. P. 52(b).

Under plain-error review, Gonzales must show a clear or obvious error affected his substantial rights. *E.g., **United States v. Castillo***, 386 F.3d 632, 636 (5th Cir. 2004). "If [these] conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." ***United States v. Cotton***, 535 U.S. 625, 631 (2002) (internal citations and quotations omitted).

Possession of an unregistered firearm carries a statutory-maximum sentence of ten-years' imprisonment. 26 U.S.C. § 5871. ("Any person who [is convicted of possessing an unregistered firearm] ... shall, upon conviction, ... be imprisoned not more than ten years"). The district court, however, sentenced Gonzales to concurrent terms of 188 months for the two unregistered-firearm counts.

As the Government states, a sentence which exceeds the statutory maximum is an illegal sentence, its imposition constituting reversible plain error and mandating vacatur and resentencing. Accordingly, the sentences as to counts one and two are vacated and this matter remanded for resentencing on those counts.

### III.

For the foregoing reasons, Gonzales' conviction is **AFFIRMED**; the sentence as to count three, concerning § 924(c), is **AFFIRMED**,

-12-

and, as to counts one and two, **VACATED**; and this matter is **REMANDED** for resentencing consistent with this opinion.

*CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR RESENTENCING*