IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-51341
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY ROBLES TELAS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-596-1

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Robles Telas entered a guilty plea pursuant to a written agreement to Count One of an indictment charging him with conspiracy to possess more than 100 kilograms of marihuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846. The district court ordered Telas to serve a 160-month prison sentence, to be followed by eight years of supervised release, and to pay a $5000 fine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Telas, through his new appellate counsel, asserts that the district court reversibly erred (1) by accepting his guilty plea because he intended to raise the defense of duress; (2) by not verifying with him that he had read and reviewed the presentence report (PSR), in violation of FED. R. CRIM. P. 32; (3) by refusing to allow him to withdraw his guilty plea during the sentencing hearing; and (4) by not continuing the case and having him examined for mental competency.

Telas did not raise either of the first two issues in district court; therefore, our review is for plain error only. See United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002). Plain error exists when there is an error that is clear and obvious and that affects the defendant's substantial rights. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). If these criteria are met, we may exercise discretion and notice a forfeited error but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

A review of the record reveals no plain error in the district court's acceptance of Telas's plea. See Reyes, 300 F.3d at 558-59. The district court ascertained that Telas was competent to enter a plea and that he was not under the influence of any drugs or alcohol that would interfere with his comprehension. Telas swore that he understood the nature of the proceedings, the nature of the charges to which he was pleading, the rights he was waiving, the potential penalties he faced, and the applicability of the advisory sentencing Guidelines. Telas also swore that he had not been intimidated, threatened, or coerced into entering a guilty plea. Defense counsel advised he believed Telas competent. In addition, the record as a whole contains adequate factual support for all of the elements of the conspiracy offense.[1]

---

[1] Although at the Rule 11 hearing Telas claimed third parties had coerced him to commit the offense, his lawyer then explained, and Telas did not dispute, that "he had lots of time to notify the police officers" and "[t]hat's why we don't think a defense of duress would wash." Duress is an affirmative defense on which defendant has the burden of proof. See United States v. Dixon, 413 F.3d 520, 523 (5th Cir. 2005).

Telas asserts that the district court did not comply with FED. R. CRIM. P. 32(i)(1)(A) because it did not directly inquire of him personally whether he had read the PSR.[2] He urges this court to follow precedent from other circuits that mandates reversal and resentencing for such Rule 32 noncompliance. Telas's challenge is foreclosed because he does not allege prejudice due to the district court's purported failure to conduct a Rule 32 inquiry. United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001).

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion.[3] United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997). There is no absolute right to withdraw a guilty plea; however, the district court may grant a request to withdraw a guilty plea prior to sentencing if the defendant can show a "fair and just reason for the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). The defendant bears the burden of establishing justification for withdrawal of a guilty plea. United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991). Telas did not meet his burden of raising any factors requiring allowing him to withdraw his guilty plea. See id.

The district court's decision whether to grant a continuance and a mental competency exam is reviewed for abuse of discretion. United States v. Messervey, 317 F.3d 457, 462-63 (5th Cir. 2002). The district court (on motion made by defense counsel a month after defendant's guilty plea was accepted) had previously ordered that Telas undergo a psychiatric examination and had received the report of that examination. The psychiatrist, who examined Telas

---

[2] Telas does not allege, however, that he did not actually read the PSR. Defense counsel answered "yes" when asked by the court at sentencing whether he "did review the Presentence Report with Mr. Robles."

[3] Actually, no motion to withdraw was ever made either in writing or orally. Telas, while allocuting at sentencing, asserted, inter alia, that he had been coerced to commit the offense; and that his plea was improper. His attorney did not then or at any other time say anything indicating Telas's plea was improper or should be withdrawn.

less than one month before sentencing, noted that Telas suffered from several psychiatric problems, including a "fixed ideation regarding conspiracies by others," but that "the defendant demonstrated a complete understanding of his current legal proceedings" and "the conspiracy ideation does not penetrate the defendant's ability to understand the current legal proceedings." The psychiatrist further found that "defendant had a rational as well as factual understanding of the proceedings against him" and "had a sufficient ability to consult with his attorney and to assist on his own defense with a reasonable degree of rational understanding." The district court did not abuse its discretion in not ordering a second evaluation.

Accordingly, the judgment of the district court is

AFFIRMED.