# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-11178
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO MARTIN ORTEGA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-334-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sergio Martin Ortega appeals his conviction on three counts of assaulting a federal officer with a dangerous weapon and one count of possession of a firearm during and in relation to a crime of violence. Ortega argues that the district court erred in denying his motion to withdraw his guilty plea due to its involuntary nature. The denial of Ortega's motion is reviewed for an abuse of discretion. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under FED. R. CRIM. P. 11(D)(2)(B), withdrawal of a guilty plea may be permitted before a defendant is sentenced for "any fair and just reason." In determining whether a district court has abused its discretion in denying withdrawal, this court traditionally considers seven relevant factors. Id. (citing United States v. Carr, 740 F.2d 339, 343-44 (1984)). Those factors are: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion to withdraw; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. Id. No single factor is determinative; instead, the court makes its determination based on the totality of the circumstances. United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991).

Ortega's assertion of a possible defense to the assault charges does not amount to an affirmative assertion of innocence. Further, the district court correctly determined that there was nothing before it in any written or oral presentation which indicated that Ortega was asserting his innocence. With respect to the Carr factors of prejudice to the Government, the timing of the motion, and inconvenience to the court, the district court found these to be neutral factors. However, the court did note that it would have to "start all over" if the case proceeded to trial. The district court found that the issue of counsel's assistance to Ortega weighed against withdrawal, and Ortega concedes that the record does not suggest that this factor weighs in his favor.

The district court also noted that it was inconvenienced to the extent that granting Ortega's motion would encourage the trend toward the filing of baseless motions to withdraw after sentencing determinations had been made. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. Carr, 740 F.2d at 345. "The purpose is not to allow a defendant to make a tactical decision

to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice." Id. Ortega's argument that the district court erred in making this observation is without merit.

The district court also correctly found that Ortega's original guilty plea was knowing and voluntary. To enter a knowing and voluntary guilty plea, the defendant must have a "full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). At the rearraignment, Ortega acknowledged that he was pleading guilty "freely and voluntarily" because he was guilty of the offense and "for no other reason." The district court noted that it "specifically handled firsthand" Ortega's plea and that it had a lengthy plea colloquy with Ortega wherein it saw "no confusion whatsoever" from Ortega. The district court did not abuse its discretion in denying the motion to withdraw. See Grant, 117 F.3d at 789. Appointed counsel's motion to withdraw based on a breakdown in the attorney client relationship is denied. See 18 U.S.C. § 3006A(c).

AFFIRMED; COUNSEL'S MOTION TO WITHDRAW IS DENIED.