**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-30593
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANCE EVERSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CR-118-1

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lance Everson appeals his guilty-plea conviction, arguing that the district court abused its discretion by denying, without an evidentiary hearing, his mo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion to withdraw his plea. A decision not to hold a hearing on a motion to withdraw is reviewed for abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

Although a defendant is not entitled to an evidentiary hearing on a motion to withdraw, "a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* (internal quotation and citation omitted). Everson's motion was brought under FED. R. CRIM. P. 11(d)(2), which permits withdrawal after a plea has been entered and before sentencing if the defendant shows a "fair and just reason" based on the totality of the circumstances. *Id.* (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).

Absent the inferences Everson asks the courts to draw from the allegations in his motion, he did not offer sufficient facts to justify withdrawal of the plea; he presented only a belated motion based on the vague assertion of the reappearance of a potential witness. The court thus did not abuse its discretion. *Powell*, 354 F.3d at 370.

Further, Everson has not shown that he would be entitled to relief under the totality of the *Carr* factors. In evaluating a motion to withdraw, no single *Carr* factor is determinative; instead, the court makes its decision based on the totality of the circumstances. *See United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Carr*, 740 F.2d at 345. Because Everson has failed to show that any of the *Carr* factors favored withdrawal, the refusal to hold an evidentiary hearing, even if error, was thus also harmless. *See Powell*, 354 F.3d at 370-71.

The judgment of conviction is AFFIRMED.