**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-50904
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO VILLASANA CUELLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-476-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alfonso Villasana Cuellar (Cuellar) appeals his guilty plea conviction and sentence for possession with intent to distribute five kilograms or more of cocaine. Cuellar makes the following arguments: (1) the district court committed reversible plain error in connection with the plea proceedings, (2) the district court abused its discretion by denying Cuellar's motion to withdraw his guilty plea, (3) the district court committed reversible plain error in connection with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentencing hearing, and (4) the Federal Public Defender (FPD) appointed to represent him rendered ineffective assistance.

Cuellar argues that the district court committed reversible error during the rearraignment because the court did not fully comply with the requirements of FED. R. CRIM. P. 11. Specifically, Cuellar asserts that the district court failed to comply with Rule 11(b)(1)(A) when it failed to advise him that the Government had the right to prosecute him for perjury or making false statements if his testimony under oath was not true. He further asserts that the district court failed to comply with Rule 11(b)(1)(M) when it failed to explain to him that the court was required to calculate the applicable guidelines range, consider that range, consider possible departures under the Guidelines, and to consider the sentencing factors under 18 U.S.C. § 3553(a).

Because Cuellar did not object to any Rule 11 error in the district court, review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Cuellar has not demonstrated that, but for the Rule 11 errors committed by the district court, he would not have entered his plea. *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004). Accordingly, he has not shown that the district court committed reversible plain error in connection with the plea proceedings. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Next, Cuellar argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. Cuellar asserts that the district court did not review a transcript of the hearing on Cuellar's motion for appointment of counsel. He also argues that a balancing of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343 (5th Cir. 1984), favored allowing him to withdraw his plea and that the district court's failure to allow the withdrawal constituted an abuse of discretion.

This court reviews for abuse of discretion the denial of a motion to withdraw a guilty plea. *See United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997). The district court may grant a motion to withdraw a guilty plea after the

court accepts the plea before it imposes sentence if the defendant shows "any fair and just reason." RULE 11(d)(2)(B). In evaluating the denial of a motion to withdraw a guilty plea, the court considers the seven factors set forth in *Carr*. *Grant*,117 F.3d at 789; *Carr*, 740 F.2d at 343-44. The burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant. *See United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). No single factor or combination of factors mandates a particular result. *Id.*

Cuellar asserts that the district court should have reviewed the transcript of the hearing on the motion for appointment of counsel. However, Cuellar did not rely on the transcript in his motion or provide a copy of the transcript to the district court. Moreover, an evaluation of the *Carr* factors in light of the record as a whole does not dictate reversal in this case. The majority of the *Carr* factors are either neutral or weigh in favor of denying the motion to withdraw the guilty plea. Therefore, the district court did not abuse its discretion by denying Cuellar's motion. *See Grant*, 117 F.3d at 789.

Cuellar also argues that the district court committed reversible plain error in connection with the sentencing hearing. Specifically, Cuellar complains that the district court failed to comply with FED. R. CRIM. P. 32(i)(1)(A) and verify that Cuellar and the FPD had read and discussed the presentence report. He also argues that the district court failed to comply with Rule 32(i)(3), which provides that a district court must make findings on disputed matters at sentencing, and Rule 32(i)(4), which provides that the district court must afford the defendant and his attorney the right to address the court before sentencing regarding any matters that are relevant to the sentencing.

Cuellar did not object to the district court's omissions below. Accordingly, review is for plain error. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). Cuellar has not shown a clear or obvious error that affected his substantial rights. *See Puckett*, 129 S. Ct. at 1429. Accordingly, he has not demonstrated that the district court committed reversible plain error. *Id.*

Finally, Cuellar argues that his constitutional rights were violated because the FPD rendered ineffective assistance. Cuellar argues that the FPD's overall representation was deficient and that his communications with Cuellar were inadequate.

This circuit's general rule "is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). Cuellar's instant claims of ineffective assistance of counsel were not presented to or addressed by the district court. Consequently, those claims were not adequately developed before being asserted in this court. We therefore decline to address them in this direct appeal without prejudice to any right Cuellar may have to raise them in a subsequent 28 U.S.C. § 2255 motion. *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir.), *cert. denied*, 129 S. Ct. 159 (2008).

AFFIRMED.