# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2011

Lyle W. Cayce
Clerk

No. 10-20754
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN PALMER,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-205-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

John Palmer pleaded guilty to all four counts of his indictment: two counts of assault against a federal agent (Counts 1 and 2) and two counts of threatening a federal official (Counts 3 and 4). Nearly three months after his guilty plea was entered and less than a week before his scheduled sentencing hearing, Palmer filed a motion to withdraw his guilty plea as to Counts 1 and 2. The Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opposed the motion, and it was denied by the district court. Palmer contends that the district court abused its discretion in denying the motion.

After a district court has accepted a guilty plea, it may grant a motion to withdraw the plea before the defendant is sentenced if the defendant shows "a fair and just reason for requesting the withdrawal."[1] In determining whether the defendant has met this burden, we consider whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources.[2] The totality of the circumstances is considered when applying these factors, and "[n]o single factor or combination of factors mandates a particular result."[3] The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion.[4]

With regard to the first *Carr* factor, Palmer admits that he "did not assert his innocence to the charges."[5] Palmer also explicitly concedes that the third, fifth, and sixth *Carr* factors weigh against him but contends that the second factor weighs in his favor while the fourth and seventh factors are neutral. Even if the Government would not be prejudiced by the withdrawal of Palmer's guilty pleas for Counts 1 and 2, reversal of the district court is not justified merely based on lack of prejudice to the Government.[6] Based on our review of all the

---

[1] FED. R. CRIM. P. 11(d)(2)(B).

[2] *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

[3] *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

[4] *Id.* at 103.

[5] Appellant's Br. at 9.

[6] *See Carr*, 740 F.2d at 345.

No. 10-20754

*Carr* factors under the totality of the circumstances, Palmer has failed to show that the district court's denial of his motion constituted an abuse of discretion.

AFFIRMED.