# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41147
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS PLANCARTE-PENALOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CR-9-3

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesus Plancarte-Penaloza and three others were indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine. Plancarte-Penaloza pleaded guilty, pursuant to a written plea agreement. The agreement stipulated that 120 months in prison was an appropriate sentence, that neither party would seek a variance or departure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41147

from that sentence, and that the plea could be withdrawn if the district court did not accept the sentencing agreement. Plancarte-Penaloza moved to withdraw his guilty plea because he did not understand the terms of the agreement or that he would be sentenced to 120 months in prison. The district court held a hearing on the motion to withdraw the plea and denied the motion. The district court sentenced Plancarte-Penaloza to 120 months in prison.

On appeal, Plancarte-Penaloza argues that the district court erred in denying his motion to withdraw his guilty plea. Before sentencing, a defendant may withdraw his guilty plea that the district court has accepted if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). In determining whether there is a fair and just reason for withdrawal, the court should consider whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Plancarte-Penaloza argues that the *Carr* factors should be revisited. "[O]ne panel of this court cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting en banc." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). Accordingly, we will review the district court's denial of Plancarte-Penaloza's motion to withdraw his guilty plea using the *Carr* factors.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). "[N]o

No. 14-41147

single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).  In a hearing on the motion to withdraw Plancarte-Penaloza's guilty plea, the district court addressed each of the *Carr* factors.  Our review confirms that the *Carr* factors support the district court's decision to deny the motion.  Plancarte-Penaloza has not shown that the district court abused its discretion in finding that he failed to show a fair and just reason for withdrawing his plea.  *See United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

Plancarte-Penaloza argues that counsel was ineffective, under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for failing to inform him that it was possible to get a sentence that was less than the agreed 120 months in prison.  We generally do not review claims of ineffective assistance of counsel on direct appeal because there has been no opportunity "to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).  The record in the instant case is insufficiently developed to permit proper review of Plancarte-Penaloza's ineffective assistance claim.

AFFIRMED.