# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51386
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACKIE TRAMMELL, also known as Jackie Trammel,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-82-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jackie Trammell appeals his conviction and sentence for conspiring to possess with intent to distribute methamphetamine. Trammell was sentenced to 20 years in accordance with a plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C). He contends that the district court abused its discretion by denying his motion to withdraw his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51386

The motion to withdraw the plea was based on Trammell's assertion that he was inadequately informed that his potential sentence without the plea agreement would have been much higher than 20 years. He contended then, as he does now, that he thought he would face sentencing as a career offender but that the career offender enhancement turned out to be inapplicable to one of his prior offenses under *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), which this court decided after Trammell pleaded guilty but before he was sentenced. Trammell does not dispute that he faced a statutory mandatory minimum sentence of 20 years under 21 U.S.C. § 841(b)(1)(B)(viii).

After a plea is accepted, but before sentencing, a district court may allow withdrawal of a guilty plea if "the defendant can show a fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). We afford broad discretion to a district court's denial of a motion to withdraw a guilty plea. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). A district court abuses its discretion if it makes an error of law or a clearly erroneous factual finding. *United States v. McKnight*, 570 F.3d 641, 648-49 (5th Cir. 2009). In evaluating a motion to withdraw a guilty plea, a court considers the totality of circumstances, including seven traditional factors:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*Carr*, 740 F.2d at 343-44. No single factor is determinative. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). Trammell had the burden of

establishing a fair and just reason for withdrawal. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

The district court committed no error of law and did not make any clearly erroneous factual finding. In particular, we conclude that Trammell had the close and adequate assistance of plea counsel and that his plea was knowing and voluntary. Trammell was fully informed and aware of the possibility, however uncertain, that he might be able to challenge his career offender status or that some unforeseeable change in the law might lower his sentencing exposure under the Federal Sentencing Guidelines after he pleaded guilty. Although his choice was difficult, it was not involuntary. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (noting that the negotiation of pleas inevitably and permissibly presents a defendant with difficult choices). Moreover, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate . . . that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." *Brady v. United States*, 397 U.S. 742, 757 (1970).

The district court did not abuse its discretion, and its judgment is AFFIRMED.