# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-50011
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR MEZA-JACQUEZ, also known as Oscar Mesa Jacquez, also known as Oscar Meza, also known as Oscar Jacquez-Meza, also known as Oscar Jacquez,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1006-1

————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Meza-Jacquez appeals the district court's denial of his motion to withdraw his guilty plea. Meza-Jacquez was charged with one count of attempted illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326(a). The Government filed a notice of its intent to seek an increased statutory penalty under § 1326(b)(2) based on Meza-Jacquez's prior conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50011

for an aggravated felony.  Meza-Jacquez pleaded guilty as charged.  Three days before he was scheduled to be sentenced, he filed a motion to withdraw his guilty plea claiming he was actually innocent of the offense.  The district court denied the motion and sentenced Meza-Jacquez to 80 months of imprisonment followed by a 3-year term of supervised release.

Meza-Jacquez argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.  In particular, he complains that he should have been allowed to withdraw his guilty plea after a "colorable defense" to the charged offense came to defense counsel's attention.  He further complains about the district court's failure to specifically address the *Carr*[1] factors prior to denying the motion.  The district court's denial of Meza-Jacquez's motion to withdraw his guilty plea is reviewed for abuse of discretion.  *United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991).

According to Meza-Jacquez, he was merely attempting to reinstate his resident alien card at the port of entry; he did not intend to enter the United States illegally.  Meza-Jacquez's theory of innocence is unpersuasive in light of his sworn admissions to the contrary.  For example, at rearraignment, Meza-Jacquez agreed to the fact that he had attempted to enter the United States by stating to a Customs and Border Protection (CBP) officer that he was a legal permanent resident.  Additionally, the criminal complaint filed in the instant case sets forth that Meza-Jacquez "attempted to enter the United States via pedestrian primary at the Paso Del Norte port of entry in El Paso, Texas" and "applied for admission and stated to CBP Officer Sarah D. Ramos his wallet along with his Lawful Permanent Resident Alien card were stolen in Mexico."  Meza-Jacquez admitted his guilt at rearraignment and did not dispute the factual basis establishing that he had attempted to enter the United States.

---

[1] *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984).

2

No. 16-50011

*See United States v. Still*, 102 F.3d 118, 125 (5th Cir. 1996) (concluding that an assertion of innocence did not weigh in the defendant's favor under *Carr* because his admissions at rearraignment to the evidence against him were inconsistent with any claim of factual innocence).  Accordingly, the district court did not abuse its discretion in refusing to allow Meza-Jacquez to withdraw his guilty plea based on his later asserted claim of actual innocence.

In addition, Meza-Jacquez complains about the district court's failure to make particularized findings as to the *Carr* factors.  This court has stated, however, that it "did not intend to require the district court to make a specific finding as to each of the seven factors every time a defendant requests to withdraw a guilty plea." *United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007) (citation omitted).  Meza-Jacquez has therefore failed to show that the district court abused its discretion by failing to make specific findings on each of the *Carr* factors before denying his motion to withdraw his guilty plea.

The judgment of the district court is AFFIRMED.